MARK J. BOURASSA, ESQ.
Nevada Bar No. 7999
**THE BOURASSA LAW GROUP, LLC**
3025 West Sahara Ave., Suite 200
Las Vegas, Nevada 89102
Tel: (702) 851-2180
Fax: (702) 851-2189
Attorney for Plaintiffs,

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| JOEL COFFMAN,<br><br>    Plaintiff,<br><br>    vs.<br><br>INTERNATIONAL COMPUTER SYSTEMS, INC., dba FIRST COLLECTION SERVICES, an Arkansas Corporation; FRONTIER COMMUNICATIONS CORPORATION, Delaware Corporation, DOE individuals 1 through 20 inclusive and ROE Corporations 21 through 40, inclusive,<br><br>    Defendants. | Case No.:<br><br>**COMPLAINT** |

## **COMPLAINT**

Plaintiff, JOEL COFFMAN on (hereinafter collectively referred to as "PLAINTIFF" by and through his undersigned attorney, Mark J. Bourassa, Esq., alleges upon knowledge as to himself and his own acts, and as to all other matters upon information and belief, brings this complaint against the above-named defendants and in support thereof alleges the following:

**PRELIMINARY STATEMENT**

1. PLAINTIFF brings this action on his own behalf for actual and statutory damages arising from Defendants' INTERNATIONAL COMPUTER SYSTEMS, INC., FRONTIER COMMUNICATIONS CORPORATION, DOE individuals 1 through 20 inclusive and ROE Corporations 21 through 40, inclusive (hereinafter collectively

-1-

Complaint

referred to as "DEFENDANTS") violations of the Fair Credit Reporting Act ("FCRA") 15 U.S.C. § 1681.

## JURISDICTION AND VENUE

2. This Court has jurisdiction under the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 and has supplemental jurisdiction over the state claims under 28 U.S.C. § 1367. The events at issue took place in this District.

## PARTIES

3. PLAINTIFF is a natural person who resides in Nevada.

4. Defendant INTERNATIONAL COMPUTER SYSTEMS, INC., dba FIRST COLLECTION SERVICES, ("FIRST COLLECTION") is an Arkansas Corporation that is a "consumer reporting agency" as defined by FCRA, 15 U.S.C. § 1681a(f). FIRST COLLECTION assembles consumer credit information and other information on consumers for the purpose of furnishing credit reports to third parties. FIRST COLLECTION uses means of interstate commerce for the purpose of preparing and furnishing credit reports. is a "furnisher of information" as defined by FCRA, 15 U.S.C. § 1681s-2(b). FIRST COLLECTION regularly and in the ordinary course of business furnishes information to one or more consumer reporting agencies regarding its collection accounts.

5. Defendant FRONTIER COMMUNICATIONS CORPORATION ("FRONTIER".) is a Delaware corporation that is a "consumer reporting agency" as defined by FCRA, 15 § 1681a(f). FRONTIER COMMUNICATIONS CORPORATION assembles consumer credit information and other information on consumers for the purpose of furnishing credit reports to third parties. It uses means of interstate commerce for the purpose of preparing and furnishing credit reports.

Complaint

6. At all times relevant herein, Defendants designated as DOE individuals 1 through 20 inclusive and ROE Corporations 21 through 40, inclusive, in their true capacities, whether individual, corporate, associate or otherwise of the Defendants named herein are unknown to PLAINTIFF who, therefore, sues said Defendants by said fictitious names. PLAINTIFF is informed and believes and thereon alleges that each of the Defendants designated as a DOE or ROE are responsible in some manner for the events and happenings referred to herein and caused damages proximately to PLAINTIFF as alleged. PLAINTIFF prays for leave to insert said Defendants' true names and legal capacities when ascertained.

7. Defendants INTERNATIONAL COMPUTER SYSTEMS, INC., FRONTIER COMMUNICATIONS CORPORATION, DOE individuals 1 through 20 inclusive and ROE Corporations 21 through 40, inclusive are collectively referred to herein as "DEFENDANTS".

8. At all times material hereto, and in doing the acts and omissions alleged herein, the DEFENDANTS and each of them acted individually and/or through their officers, agents, employees and co-conspirators, each of whom was acting within the purpose and scope of that agency, employment and conspiracy, and said acts and omissions were known to, and authorized and ratified by, each of the other DEFENDANTS.

9. PLAINTIFF is informed and believes and thereupon alleges that at all times mentioned herein each of the DEFENDANTS sued herein was the owner, partner, shareholder, manager, officer, director, agent, servant, and employee of his, her or its co-Defendants and in doing the things hereinafter mentioned was acting in the scope of his, her or its authority as such owner, partner, shareholder, manager, officer, director, agent, servant and employee, and with the permission, consent and/or ratification of his, her or its co-Defendants; and that each of said fictitiously named

defendants, whether an individual, corporation, association or otherwise, is in some way liable or responsible to the PLAINTIFF on the facts hereinafter alleged, and caused injuries and damages proximately thereby as hereinafter alleged.

**STATEMENT OF FACTS**

10. PLAINTIFF repeats, re-alleges, and incorporates by reference, paragraphs 1 through 9 inclusive, above.

11. Starting on or about July 29, 2008, PLAINTIFF obtained his credit report from Experian.

12. Upon receipt of his credit report, PLAINTIFF discovered negative accounts reported by FIRST COLLECTION regarding accounts placed by FRONTIER.

13. PLAINTIFF contacted FIRST COLLECTION and disputed the negative credit reporting.

14. PLAINTIFF contacted FRONTIER by letter dated December 21, 2008, and disputed the negative credit reporting.

15. FIRST COLLECTION continued to report the FRONTIER account of PLAINTIFF'S consumer credit report.

16. PLAINTIFF retained Mark J. Bourassa, Esq., to dispute said debts.  By letter dated December 31, 2008, Mr. Bourassa disputed the validity of the purported negative credit reporting and requested that FIRST COLLECTION report this matter as "disputed" to all major credit bureaus.

17. Upon receipt of an updated credit report from DEFENDANT, PLAINTIFF discovered the alleged debt was improperly verified and updated. A copy of credit report is attached hereto as Exhibit "4".

**FIRSTCLAIM FOR RELIEF:**
**DEFAMATION BY DEFENDANTS**

18. PLAINTIFF repeats, re-alleges, and incorporates by reference, paragraphs 1 through 17 inclusive, above.

19. FRONTIER prepared a bill for services asserting an outstanding balance due and owing from PLAINTIFF.

20. FRONTIER'S bill falsely states that PLAINTIFF had an unpaid balance due and owing.

21. FRONTIER published said bill to third parties including its agent FIRST COLLECTION who in turn published the alleged outstanding balance to other parties including credit bureaus.

22. PLAINTIFF never sought or received services from FRONTIER for the timeframe in question and advised FRONTIER and FIRST COLLECTION of this fact.

23. When notified that PLAINTIFF had not received services from FRONTIER, neither FRONTIER nor FIRST COLLECTION took action to correct the false publication.

24. PLAINTIFF has suffered damages in an amount currently unknown including damage to his credit rating.

**SECOND CLAIM FOR RELIEF:**
**VIOLATIONS OF THE FAIR CREDIT REPORTING ACT**
**AGAINST FIRST COLLECTION**

22. PLAINTIFF repeats, re-alleges, and incorporates by reference, paragraphs 1 through 21 inclusive, above.

23. FIRST COLLECTION failed to maintain reasonable procedures to ensure the maximum possible accuracy of the consumer credit information in reporting PLAINTIFF.

24. FIRST COLLECTION:

    a. Failed to review and consider all relevant information submitted by PLAINTIFF in concerns to his dispute.

    b. Failed to provide FRONTIER with all relevant information provided by PLAINTIFF.

    c. Failed to delete information that was unlawful to report to PLAINTIFF'S credit report.

    d. Failed to conduct a reasonable and accurate investigation into PLAINTIFF'S dispute.

    e. Persisted in reporting information that they knew or should have known was unlawful to report

25. The actions and inactions of FIRST COLLECTION are willful or in the alternative, negligent violations of the FCRA 15 U.S.C. 1692e, 1692i.

26. PLAINTIFF is entitled to actual damages and punitive damages.

## DEMAND FOR JURY TRIAL

27. Please take notice that PLAINTIFF demands trial by jury in this action.

## PRAYER FOR RELIEF

WHEREFORE, PLAINTIFF respectfully prays that this Court grant the following relief in her favor, and that judgment be entered against DEFENDANTS, and each of them, for the following:

    (1)    For statutory damages;

    (2)    For actual damages;

    (3)    For punitive damages as permitted by law;

    (4)    For reasonable attorney fees for all services performed by counsel in connection with the prosecution of this claim;

(5) For reimbursement for all costs and expenses incurred in connection with the prosecution of this claim; and

(6) For any and all other relief this Court may deem appropriate.

DATED this 9th Day of February 2008.

                Respectfully submitted by:

                THE BOURASSA LAW GROUP, LLC

                *// Mark J. Bourassa, Esq.//*

                MARK J. BOURASSA, ESQ.
                Nevada Bar No. 7999
                3025 West Sahara Ave., Ste. 200
                Las Vegas, Nevada 89102
                Attorney for Plaintiff